[Civ. No. 7439. First Appellate District, Division Two.—August 16, 1930.]

MARY B. WOOD, Appellant, v. CROCKER FIRST NATIONAL BANK (a Corporation) et al., Respondents.

Carey Van Fleet and Luther Elkins for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark and W. T. Fitzgerald for Respondent.

BURROUGHS, J., *pro tem.*—This is an action in claim and delivery. Judgment went for the defendant, and the plaintiff appeals. The record discloses that on July 1, 1918, the plaintiff deposited with the Crocker Safe Deposit

Vaults, as a bailee for hire, a trunk containing several thousand dollars' worth of property. The defendant bank is the successor in interest of the said Crocker Safe Deposit Vaults. At the time of the deposit of the trunk a receipt therefor was mailed to the plaintiff. The trunk was deposited in the name of the plaintiff and she gave no instructions to the depositary as to its delivery.

On November 9, 1925, the trunk was delivered to one Baldwin Wood, a son of the plaintiff. On October 8, 1912, the plaintiff made, executed and delivered to said Baldwin Wood a general power of attorney, authorizing him to transact business for the plaintiff. This power of attorney was recorded in the office of the county recorder of the city and county of San Francisco on November 11, 1912, and was not revoked until April 1, 1926, about five months after the delivery of the trunk to Baldwin Wood.

Appellant contends that the respondent was not justified in delivering the trunk to her son, because its officers had no knowledge of the existence of the power of attorney; further, that the Warehouse Act of the state of California, Deering's General Laws 1923, Act 9059, restricts the general power of attorney and therefore the delivery was unauthorized.

We will discuss the questions in the order above stated. As to the sufficiency of the power of attorney to justify the delivery, unless it is insufficient because of the reasons above stated, the judgment must be upheld.

In Mechem on Agency, section 744, it is held that where a party can prove an actual authority it is not necessary that he should have known of it, or relied upon it, at the time of dealing with the agent. Section 1721 of the same authority says that it is not essential that an actual existing authority should have been known and relied upon at the time. If it existed it may be proved, although the other party would not then rely upon it. In *Palo Alto etc. Assn.* v. *First Nat. Bank*, 33 Cal. App. 214, 223 [164 Pac. 1124, 1129], it is said: "Manifestly, it is only in the case where the agent lacks authority that the principal may exact the duty of inquiry and that the failure to inquire imposes a penalty upon the purchaser." But even if the foregoing is not a sufficient answer to the objection raised by appellant, there is sufficient evidence to warrant the finding

of the court that the bank did in fact know of the existence of the power of attorney and relied upon it. Mrs. Eleanor Wood Welty, a daughter of the appellant, testified that when her mother called at the bank for the trunk she (Mrs. Welty) was present, and when Mr. Cunningham, who was in charge of that department of the bank, told her mother that Baldwin Wood had taken the trunk and receipted for it Mrs. Wood remonstrated with him. Mr. Cunningham then said: " 'Well, Mrs. Wood, everybody knows that your son had the power of attorney'; and I said, 'Did he show you the power of attorney when he took the trunk?' and he said, 'No, he didn't, but' he said, 'everybody knew Mr. Wood had Mrs. Wood's power of attorney—.' " George Pearce was a porter in the defendant bank for about sixteen years, serving as such in the safe deposit vaults. He testified that Mrs. Wood and her son came to the safe deposit vaults twice and Mrs. Wood introduced her son to him. Baldwin Wood came there alone a number of times. On each occasion he had a key and George Pearce opened the trunk. W. D. Lux, a vice-president of the defendant, testified that he had been employed by the bank for a little over twenty-two years. It appears from his testimony that Baldwin Wood signed checks against his mother's account as her attorney-in-fact; that he borrowed money in her name, signing notes therefor, as such attorney; that this was all done by authority of a general power of attorney which he held and which he exhibited to the bank. It is true that there is some evidence in the record that may be construed as weakening some of the above evidence. But the weight and value of the evidence was for the trial court to determine and having found in favor of the defendant, we are not at liberty to disturb it. However, we are of the opinion that the trial court was right in its finding on this subject.

The further contention of the appellant is to the effect that this case is controlled by the Warehouse Act of the state of California (Deering's Gen. Laws 1923, Act 9059). The claim made is that the receipt issued for the trunk being non-negotiable, under sections 8, 9 and 10 of said act, the bank was negligent in delivering the trunk to Baldwin Wood. Section 8 deals with the rights of the holder of a warehouse receipt; section 9 defines when a warehouseman is justified in delivering goods; section 10

deals with the liability of a warehouseman for a wrongful delivery of goods. Without discussing the authorities cited, we are satisfied that if said act applies in cases of this class, section 9 of the act is contrary to appellant's claim. So far as material, said sections reads: "A warehouseman is justified in delivering the goods subject to the provisions of the three following sections, to one who is (a) The person lawfully entitled to the possession of the goods or his agent; (b) A person who is either himself entitled to delivery by the terms of a nonnegotiable receipt issued for the goods, or who has written authority from the person so entitled, either endorsed upon the receipt or written upon another paper." As said by counsel for defendant in his brief: "It is obvious that Mrs. Wood was a person lawfully entitled to the goods. It is obvious that Baldwin Wood was her agent. It follows that the bank was justified in delivering the trunk to Baldwin Wood, the agent for Mrs. Wood. The statement of the proposition proves itself." Nowhere do we find anything in the said Warehouse Act that negatives this conclusion.

The judgment should be affirmed, and it is so ordered.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 15, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 6, 1930.